Michael L. WAKEFIELD,
Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner
Social Security Administration,
Defendant–Appellee.

No. 06–35137.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed Feb. 22, 2008.

David B. Lowry, Esq., Law Offices of
David B. Lowry, Portland, OR, for Plain-
tiff–Appellant.

---

* Michael J. Astrue is substituted for his prede-
cessor Jo Anne Barnhart as Commissioner of
the Social Security Administration. Fed.
R.App. P. 43(c)(2).

Stephanie Martz, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM **

Plaintiff–Appellant Michael L. Wakefield appeals the district court's summary judgment affirming the Social Security Administrations's denial of his application for Social Security Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401–434. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for a calculation of benefits. We review de novo a district court's order upholding the Commissioner's denial of benefits. *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998).

Wakefield argues that the ALJ erred by rejecting the medical opinion of Dr. Hamel, a treating physician, because his reasons for doing so were not sufficiently specific and legitimate and were not supported by substantial evidence in the record. *See Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir.2001) ("The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing 'specific and legitimate reasons' supported by substantial evidence in the record."). We agree.

■ First, the ALJ stated that he assigned little weight to Dr. Hamel's opinions because he "did not begin to treat the claimant until September 2002—after the claimant's date last insured." However, in addressing medical opinions rendered after the period for disability, this court has held that "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir. 1988).

■ Second, the ALJ discounted Dr. Hamel's opinions because he "relied almost entirely on the claimant [sic] subjective complaints[.]" This reason is not supported by substantial evidence; the record is clear that Dr. Hamel relied upon multiple objective factors in reaching his conclusions in the RFC Questionnaire that he completed.

■ Finally, the ALJ stated that he discounted Dr. Hamel's opinion because Dr. Hamel "failed to obtain any of the claimant's other treatment records from his prior providers." Again, this reason is not supported by substantial evidence. The record unequivocally demonstrates that Dr. Hamel received extensive medical records from Wakefield at his first appointment and that he had reviewed these records by Wakefield's second appointment.

■ We will credit evidence as a matter of law and remand for an award of benefits "where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.1996). The vocational expert's testimony makes clear that when Dr. Hamel's testimony is appropriately credited, the only conclusion is that Wakefield does not have the residual functional capacity necessary to perform work at any level.

Because we reverse and remand for a calculation of benefits on this basis, we do not address the remainder of Wakefield's claims.

**REVERSED** and **REMANDED** for a calculation of benefits.